IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN WOODROW POLLARD,**

       **Petitioner,**

v.                                  **Civil Action No. 1:09cv163**
                                  **Criminal Action No. 1:08cr3**
                                  **(Judge Keeley)**

**UNITED STATES OF AMERICA,**
       **Respondent.**

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

On November 16, 2009, the *pro se* petitioner wrote a letter to the District Judge, challenging the validity of his conviction and sentence, asserting that the search of his home incident to his arrest and conviction was illegal, that he received ineffective assistance of counsel and that there were inconsistencies in the police investigation of his case. Further, he challenged the forfeiture of his farm and requested appointed counsel to assist him in presenting his claims. Petitioner's November 16, 2009 letter was received and docketed as a letter by the Court on November 24, 2009. (Dkt.# 43).

On December 4, 2009, the Court advised petitioner, via a Notification to Defendant of Right to Consent to Proceed Under 28 U.S.C. § 2255 or to Proceed as Filed (Dkt.# 45), of its intent to characterize his November 16, 2009 letter as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 unless petitioner responded to the contrary within twenty-one (21) days. The Court included an election form for petitioner to fill out and return to facilitate the process, and further, advised petitioner of all of his rights under 28 U.S.C. § 2255.

On December 9, 2009, petitioner signed the election form, choosing to have his November 16, 2009 letter converted to a motion filed pursuant to 28 U.S.C. § 2255. (Dkt.# 48) and returned

it to the Court. The form was received by the Court on December 14, 2009 and docketed the same day. Accordingly, petitioner's November 16, 2009 letter to the District Judge was re-docketed that day as a § 2255 motion *nunc pro tunc.* (Dkt.# 47).

Upon a preliminary review of the petition, it appeared that the petition was untimely, having been filed one month after the one-year statute of limitations had expired. Thus, pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), on January 12, 2010 the undersigned issued a notice advising the petitioner that his case would be recommended for dismissal unless he could show that his motion was timely. See (Dkt.# 51).

On February 4, 2010, the petitioner filed his response (Dkt.# 53) to the Court's Hill v. Braxton Notice, along with a Motion for Appointment of Counsel, asserting that pursuant to the U.S. Supreme Court's decision in Boumadiene v. Bush, 128 S. Ct. 2229, 171 L.Ed. 2d 41, 2008 U.S. LEXIS 4887 (2008), he has a "structural right" to a habeas corpus petition that "cannot be obstructed." Petitioner claims that under the executive, judicial and legislative branches of the U.S. government, all judicial officers, since they take an oath of office swearing to uphold the Constitution, are forbidden by the Supremacy Clause to make any ruling that would override any part of the Constitution, thus there can be no rule denying a citizen a right to a habeas petition. Petitioner avers that "[i]f the Court does not fulfill this check and balance, then there is no tripartite government and the entire government is reduced to a mere banana republic where the government always wins." (Dkt.# 53 at 2). Petitioner claims that if his habeas petition is denied because it is late, it violates the government's authority to faithfully execute the laws pursuant to Article II, §3 of the U.S. Constitution, and therefore, he moves for a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 -2202 to determine whether there can be a restriction suspending his right to present a habeas corpus petition "by creating time limitations that supersede[] a structural right . . . pursuant

to Boumediene." Further, he asserts, since the Constitution requires that government attorneys must act "faithfully" in executing the laws, they have no jurisdictional grant under the Constitution to do otherwise, and that under 28 U.S.C. §530B, government attorneys have no immunity if they fail to act in good faith, and therefore the "government should be compelled to respond why their conduct has been in good faith throughout this prosecution that includes the search and seizure. [sic]"

Petitioner offers no explanation at all for the untimeliness of his petition. He does not suggest that he was prevented from making his § 2255 motion by any impediment created by the government, in violation of the Constitution; that any right he is asserting has been newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or that the one-year limitation period within which he should have filed his § 2255 motion should have begun to run on a later date, when he was first able to discover a factual predicate for his § 2255 motion through the exercise of due diligence.

## I. Factual and Procedural History

### A. Petitioner's Conviction and Sentence

On January 8, 2008, the petitioner was charged with knowingly and intentionally manufacturing 100 or more marijuana plants, maintaining a drug-involved premise, and being a felon in possession of firearms, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), Title 21, U.S.C. §856(a)(2), and Title 18, U.S.C. §§ 922(g)(1) and 924(a)(2). (Dkt.# 1). On April 9, 2008, the petitioner pled guilty to knowingly and intentionally manufacturing 100 or more marijuana plants and the felon in possession charges. (Dkt.# 20). On October 10, 2008, the petitioner's plea was accepted and he was sentenced to 60 months imprisonment on Count 1 and 24 months imprisonment on Count 3, to be served concurrently, followed by four years supervised release, and a $200 special assessment fee. (Dkt.# 33).

## B. Appeal

The petitioner did not file a direct appeal of his conviction and sentence.

## C. Federal Habeas Corpus

In the petition, petitioner asserts the following grounds for relief:

(1) the search of his home incident to his arrest was illegal, as it was outside the scope of the search warrant;

(2) ineffective assistance of counsel, for coercing and intimidating petitioner into agreeing to plead to the weight of the marijuana being greater than it actually was;

(3) ineffective assistance of counsel for coercing petitioner to agree that the firearms found at his home were used in the commission of the marijuana-growing enterprise when they were not;

(3) ineffective assistance of counsel, for coercing petitioner into agreeing to the forfeiture of his farm in order to obtain a more lenient sentence;

(4) ineffective assistance of counsel, for refusing to listen to a tape recording that petitioner alleges would have proven who, between petitioner and his ex-wife, was telling the truth about the "anonymous tip" which prompted the search warrant incident to his arrest;

(5) ineffective assistance of counsel for refusing to demand a hearing to suppress the illegally-obtained evidence incident to the search, and to force the government to produce the tape of the "anonymous tip;"

(6) a challenge to the forfeiture of his farm, because it was purchased through legitimate means and not as a consequence of the proceeds from the marijuana-growing enterprise; and

(7) a request for counsel to be appointed to represent him on bringing his claims.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was

enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"For purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment is entered." See Sherrill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed.R.Crim.P. 45(a). In this case, petitioner's Judgment was entered on October 14, 2008. Since he did not file an appeal, his judgment of conviction became final on or about October 24, 2008; he then had one year from that date in which to timely file his § 2255 motion. The instant motion was filed on November 24,

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

2009,[2] thirty days after the statute of limitations had already expired.[3]

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

Here, a review of the docket reveals that petitioner filed nothing on his own behalf from the time his conviction was final until he sent the letter, later construed *nunc pro tunc* as a §2255 motion, to the District Judge, docketed on November 24, 2009. (Dkt.# 43). Despite adequate notice from the Court, petitioner has not even attempted to show that any circumstance beyond his control or external to his own conduct caused his delay. Nor has he presented any evidence regarding any

---

[2]Although petitioner's November 16, 2009 letter was not characterized as a § 2255 motion until his election form was docketed on December 14, 2009, for purposes of determining when his § 2255 motion was filed, the earlier date when the letter was first received and docketed as a letter, has been construed as the date the § 2255 motion was filed, pursuant to the 4th Circuit Court of Appeals' holding in U.S. v. Emmanuel, 288 F.3d 644 (4th Cir. 2002) *overruled in part on other grounds,* U.S.A. v. Blackstock, 513 F.3d 128 (4th Cir. 2007): "if a prisoner files a motion that is not denominated § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion . . .[and] within the time set by the court, the movant agrees to have the motion recharacterized or by default acquiesce, the court shall consider the motion as one under § 2255 and *shall consider it filed on the date the original motion was filed*." U.S. v. Emmanuel at 649. *(emphasis added).*

[3]Even if the November 16, 2009 letter, later construed as a §2255, had been docketed the day it was written, instead of on November 24, 2009, when it was received by the Court and docketed, it would still have been untimely.

6

newly-discovered fact that would justify equitable tolling, let alone proven the requisite diligence in attempting to timely file his motion. Petitioner has been free to file his own motions at any time. Because petitioner has not even attempted to meet his burden of proof, petitioner cannot show that gross injustice will occur if the statute of limitation for his § 2255 motion is enforced.

Accordingly, in this case, despite adequate notice from the Court, *inter alia,* the petitioner has failed to show that he is entitled to equitable tolling or that his petition is otherwise timely.

### III. Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion as untimely and **DISMISSING** the case with prejudice. Further, petitioner's motions for appointed counsel and for Declaratory Judgment are **DENIED** as moot.

Within **fourteen (14) days** after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 8, 2010

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE