IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN WOODROW POLLARD,**

      Petitioner,

v.                                     CIVIL NO. 1:09CV163
                                       CRIMINAL NO. 1:08CR3
                                          (Judge Keeley)

**UNITED STATES OF AMERICA,**

      Respondent.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [DKT. NO. 7], DENYING AS MOOT
PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR
DECLARATORY JUDGMENT [DKT. NO. 6], AND DISMISSING
<u>WITH PREJUDICE PETITIONER's § 2255 MOTION [DKT. NO. 1]</u>**

**I. INTRODUCTION**

On November 16, 2009, the pro se petitioner, John Woodrow Pollard ("Pollard"), wrote a letter to the Court challenging the valdiity of his conviction and sentence on the ground that his guilty pleas to intentionally manufacturing 100 or more marijuana plants and being a felon in possession of firearms were predicated on the illegal search of his home, the ineffective assistance of his counsel, and inconsistencies within the underlying police investigation. On December 4, 2009, the Court advised Pollard of its intent to construe his letter as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On December 9, 2009, Pollard elected to convert his letter to a § 2255 motion. On February 4, 2010, Pollard moved the Court to appoint counsel on his

**POLLARD V. UNITED STATES** 1:09CV163
 1:08CR3

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [DKT. NO. 7], DENYING AS MOOT
PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR
DECLARATORY JUDGMENT [DKT. NO. 6], AND DISMISSING
WITH PREJUDICE PETITIONER's § 2255 MOTION [DKT. NO. 1]**

behalf and to declare that the period of limitation for filing a petition for a writ of habeas corpus is unconstitutional (dkt. no. 6).

The court referred this civil action to the Honorable James E. Seibert, United States Magistrate Judge, for initial screening pursuant to Local Rule of Prisoner Litigation 83.02 and Local Standing Order No. 3. On February 8, 2010, the magistrate judge issued his Report and Recommendation ("R&R"), recommending that Pollard's § 2255 motion be dismissed with prejudice because he had failed to timely file the motion (dkt. no. 7). The magistrate judge concluded that Pollard also had failed to present any evidence establishing his entitlement to equitable tolling. See Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (discussing equitable tolling under the AEDPA). He also recommended that Pollard's motions for the appointment of counsel and for a declaratory judgment be denied as moot (dkt. no. 6). On February 22, 2010, Pollard filed timely objections to the magistrate judge's recommendations.

**POLLARD V. UNITED STATES**                                    **1:09CV163**
                                                                **1:08CR3**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [DKT. NO. 7], DENYING AS MOOT
PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR
DECLARATORY JUDGMENT [DKT. NO. 6], AND DISMISSING
WITH PREJUDICE PETITIONER's § 2255 MOTION [DKT. NO. 1]**

For the following reasons, the Court **ADOPTS** the magistrate judge's recommendations (dkt. no. 7), **DENIES AS MOOT** Pollard's motions for the appointment of counsel and for a declaratory judgment (dkt. no. 6), and **DISMISSES WITH PREJUDICE** Pollard's § 2255 motion (dkt. no. 1).

## II. STANDARD OF REVIEW

When considering an R&R, a court should review de novo any portion of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which the petitioner does not object. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, the Court will address only those portions of the R&R to which Pollard has specifically objected.

## III. DISCUSSION

Pollard acknowledges that his § 2255 motion was untimely filed under the AEDPA, but contends that the Act's period of limitation amounts to an unconstitutional suspension of the writ of habeas corpus. In support of this contention, Pollard relies on Boumediene v. Bush, 553 U.S. 723 (2008).

**POLLARD V. UNITED STATES**                                                                       **1:09CV163**
                                                                                                                                      **1:08CR3**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 7], DENYING AS MOOT PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR DECLARATORY JUDGMENT [DKT. NO. 6], AND DISMISSING WITH PREJUDICE PETITIONER's § 2255 MOTION [DKT. NO. 1]**

    In Boumediene, the Supreme Court of the United States confronted the question of whether enemy combatants detained at the United States Naval Station at Guantanamo Bay, Cuba, had "the constitutional privilege of habeas corpus." Id. at 732. The Supreme Court answered this question in the affirmative, concluding that Guantanamo detainees may "invoke the fundamental procedural protections of habeas corpus." Id. at 798. This holding, however, offers no support for Pollard's argument that the AEDPA's period of limitation is unconstitutional.

    In Boumediene, the Supreme Court recognized that the AEDPA's gatekeeping provisions are constitutional and that the Act's application to postconviction review following an underlying criminal proceeding distinguishes it from the circumstances involving Guantanamo detainees "where no trial has been held." Id. at 775. Given this recognition, there is little doubt that the AEDPA's one-year period of limitation does not amount to an unconstitutional suspension of the writ. Accord Felker v. Turpin, 518 U.S. 651, 665 (1997) (upholding the AEDPA's prohibition against second or successive habeas petitions and holding that such restrictions do not "amount to a 'suspension' of the writ");

POLLARD V. UNITED STATES                                      1:09CV163
                                                              1:08CR3

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [DKT. NO. 7], DENYING AS MOOT
PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR
DECLARATORY JUDGMENT [DKT. NO. 6], AND DISMISSING
WITH PREJUDICE PETITIONER's § 2255 MOTION [DKT. NO. 1]

Coleman v. Sloan, No. 10-1014, 2010 WL 3422608, at *3 (10th Cir. Sep. 1, 2010) (unpublished) (denying a petitioner's request for a certificate of appealability based, in part, on his contention that the AEDPA's one-year period of limitation constitutes an unconstitutional suspension of the writ of habeas corpus).

The AEDPA's period of limitation does not suspend the availability of habeas relief and requires only that a habeas petition be filed promptly. See 28 U.S.C. § 2255(f) (requiring that a § 2255 motion be filed within one year of the latest of 1) "the date on which the judgment of conviction becomes final," 2) the date on which a governmental impediment to making a motion is removed, 3) the date on which the Supreme Court newly recognized a right and made it retroactively applicable to cases on collateral review, or 4) the date on which a petitioner could have first discovered facts supporting his claims through the exercise of due diligence). Even if a petitioner fails to file a petition within this period of limitation, the doctrine of equitable tolling ensures that habeas petitions are not unjustly barred from being heard. See Rouse, 339 F.3d at 246.

**POLLARD V. UNITED STATES** 1:09CV163
1:08CR3

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [DKT. NO. 7], DENYING AS MOOT
PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR
DECLARATORY JUDGMENT [DKT. NO. 6], AND DISMISSING
WITH PREJUDICE PETITIONER's § 2255 MOTION [DKT. NO. 1]**

Habeas relief under § 2255 was available to Pollard within one year of the date on which his judgment of conviction became final, October 24, 2008. The AEDPA's one-year period of limitation therefore clearly does not amount to a suspension of the writ, but merely required that Pollard promptly file his habeas petition. The holding in Boumediene does not call into doubt the constitutionality of this statutory requirement, and Pollard's failure to file his § 2255 motion within the AEDPA's period of limitation prevents him from now seeking such relief.

## IV. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the magistrate judge's R&R (dkt. no. 7), **DENIES AS MOOT** Pollard's motions for the appointment of counsel and for a declaratory judgment (dkt. no. 6), and **DISMISSES WITH PREJUDICE** Pollard's § 2255 motion (dkt. no. 1).

It is so **ORDERED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Pollard has not made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to

**POLLARD V. UNITED STATES**  1:09CV163
1:08CR3

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [DKT. NO. 7], DENYING AS MOOT
PETITIONER'S MOTIONS TO APPOINT COUNSEL AND FOR
DECLARATORY JUDGMENT [DKT. NO. 6], AND DISMISSING
WITH PREJUDICE PETITIONER's § 2255 MOTION [DKT. NO. 1]**

satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of each order to counsel of record and to the <u>pro</u> <u>se</u> petitioner, certified mail, return receipt requested.

DATED: October 7, 2010.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE